————o————

## No. 6243.

### AMERICAN SHEET METAL WORKS vs. EQUITABLE REAL ESTATE COMPANY, LIMITED.

### Syllabus.

Where by the fault of the owner the contractor's work during the performance of the contract is exposed to an increased hazard, the former assumes the risk and is liable for the damage resulting therefrom. R. C. C., 2758, has no application to such a case.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 107,155. Honorable T. C. W. Ellis, Judge.

— 111 —

Gauche & Charbonnet, for plaintiff and appellee.

Cage, Baldwin, Crabites & Watkins, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

We find the facts to be as follows:

Plaintiff contracted with defendant to supply the glass and to glaze the roof covering a passageway owned by the latter. While the job is one that plaintiff would have completed in about three weeks' time, a delay of four or five weeks was experienced in starting and executing the work through the fault of defendant in failing during that time to provide the steel frame upon which the glazing was to be done. Thereafter plaintiff had proceeded with its contract so far as to complete the glazing of one side or slope of the roof, when the defendant, through an independent contractor, began the erection of a brick wall on the opposite side or boundary line of the alley; and thereupon plaintiff protested to the owner and gave warning that if the glazing of that side or slope of the roof should be undertaken, there was a certainty of the work being damaged if not destroyed by the falling of bricks, mortar and other material during the course of the erection of the adjoining wall. The defendant, however, insisted upon the immediate glazing of this slope of the roof and directed the plaintiff to forthwith proceed therewith, stating that he would be exposed to a loss of $25.00 or $30.00 a day should any delay occur in the covering of the alleyway.

Plaintiff then proceeded with the work and had substantially completed it when the defendant demanded that the former should protect and guard the glazing

against damage that might arise during the erection of the adjoining wall; and upon plaintiff's refusal to comply with this request, the defendant at its own expense covered the entire roof with boards, which remained there for some four months and prevented plaintiff during that delay from accomplishing the trifling amount of work required to fully complete the job.

Notwithstanding this protection a considerable amount of glass was destroyed through the building of the wall and plaintiff having replaced same under the direction of defendant and its architect, is now suing for the extra or additional cost thus incurred.

The trial Court awarded judgment for the amount claimed and defendant appeals.

The petition recites substantially the foregoing facts and alleges that the defendant by thus causing the delay in the work and by erecting the wall during its progress increased the hazard to which plaintiff was subject and is consequently responsible for the loss which is attributable thereto. We find nothing vague in these allegations and the exception leveled at the petition on that ground was properly overruled. The fact that the petition further recites that the acts of defendant complained of exhibited negligence on the latter's part is of no moment, as it is permissible to charge in one petition causes of action based on tort and on contract where both are alleged as arising from the same transaction.

West Hartlepool Steamship Co. vs. Benemelis Steamship Co., et al., No. 5835 of our Docket, recently decided. (This volume, p. 3.)

And we are further of opinion not only that the petition states but that the foregoing facts establish defendant's responsiblity in the premises. For by originally

delaying the progress of the work and again, after being in default in this respect, by subsequently insisting that the second scope of the roof be immediately glazed in the face of the danger threatened by the erection of the wall, the defendant materially increased the hazard to which plaintiff's work was subject and the ensuing damage is directly attributable thereto. Under circumstances such as these, **R. C. C.**, 2758, which provides that the work of the contractor who furnishes both the labor and the material remains at his risk until delivery is without application; for the article does not contemplate that the owner may, during the performance of the contract, cause by his own act loss to the contractor and at the same time escape liability therefor.

And under this view of the case the plea that the damage was caused by an independent contractor is without merit, for the defendant by its act assumed all risks and must consequently suffer the loss that ensued, no matter through what agency it was incurred.

The plea of prescription of one year is urged on the theory that the cause of action is founded on tort, but it is clear that the proximate cause of the loss was defendant's breach of the contract in increasing the hazard to which the work was subjected.

The plaintiff has proved with sufficient certainty the value of the additional work performed and for which it sues and the complaint on that score is without merit.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, December 7, 1914.

Rehearing refused, January 5, 1915.

Writ denied, February 8th, 1915.